IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ALTAGRACIA FRANCO DE LA CRUZ,<br>    *Petitioner*,<br>  v.<br><br>JOSEPH FREDEN,<br> in his official capacity as Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;<br><br>TAMMY MARICH,<br> In her official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;<br><br>TODD LYONS,<br> In his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,<br><br>KRISTI NOEM,<br> In her official capacity as Secretary of Homeland Security,<br><br>    *Respondent.* | Civil Action No. 25-cv-1244<br><br>Immigration No. 243-134-880<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND INCORPORATED MEMORANDUM OF LAW** |

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................1

**THE PARTIES** ............................................................................................................................2

**CUSTODY** ..................................................................................................................................3

**JURISDICTION & VENUE** .......................................................................................................3

    I.   SUBJECT MATTER JURISDICTION ........................................................................ 3

    II.  PERSONAL JURISDICTION ...................................................................................... 3

    III. VENUE ......................................................................................................................... 3

**LEGAL FRAMEWORK WITH RESPECT TO BOND** ............................................................4

**FACTS** ........................................................................................................................................9

**CLAIMS FOR RELIEF** ............................................................................................................11

**COUNT 1: VIOLATION OF THE INA** ..................................................................................11

**COUNT 2: VIOLATION OF DUE PROCESS** .......................................................................11

**COUNT 3: VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT** ....................12

**PRAYER FOR RELIEF** ............................................................................................................12

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242** ....................................................................................................................14

**PRELIMINARY STATEMENT**

1. Jose Altagracia Franco De La Cruz ("Mr. Franco") is a citizen of Dominican Republic who arrived in the U.S. without inspection at the southern border in Texas in 2023. Upon information and belief, he has no criminal history. Despite having a pending asylum application before the non-detained Buffalo Immigration Court, Mr. Franco was detained by Respondents on or about September 17, 2025 and taken to the Buffalo Federal Detention Facility (BFDF) where he remains detained without bond. He was denied asylum by an Immigration Judge based upon the "Asylum Cooperative Agreement" (ACA), and Respondents intend to deport him to Honduras, a country where he has never resided and has no ties. He was denied a hearing on the merits of his asylum matter.

2. DHS and EOIR each have nationwide policies mandating the detention of all persons who entered without admission or parole, regardless of whether that person was apprehended upon arrival. Most recently, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), the Board of Immigration Appeals (BIA) held that all persons who have entered the United States without admission or parole are now subject to mandatory detention under § 1225(b)(2)(A). This legal interpretation is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to people like Petitioner.

3. This systemic misclassification of people arrested inside the United States is in clear violation of the law. These people are generally subject to the detention provisions of 8 U.S.C. § 1226, which usually allows for release on bond and conditions during the pendency of immigration proceedings. It has been this way for decades. DHS and DOJ are now misclassifying these people as being subject to 8 U.S.C. § 1225, which does not allow for release on bond. This misclassification is contrary to almost 30 years of settled law and practice, and it is

unlawfully premised solely upon the manner in which the person initially entered the country—in some cases, decades ago.

4. Further, the application of the ACA to pretermit Petitioner's asylum claim violates due process, violates non-refoulement, and is in violation of the Administrative Procedure Act (APA); Petitioner preserves these claims and wishes to reserve the right to amend this Petition with respect to these claims, which are based upon very recent changes in executive agency treatment of asylum claims.

5. Accordingly, Petitioner seeks a writ of habeas corpus. Petitioner requests an order requiring his release unless Respondents provide a bond hearing under § 1226(a) within seven days.

## THE PARTIES

6. Petitioner Jose Altagracia Franco De La Cruz is detained in the custody of ICE. He is being held at the Buffalo Federal Detention Facility in Batavia, New York. His custody and governmental actions related to his removal are likewise controlled by the Buffalo Field office, which is located within this judicial district.

7. Respondent Joseph Freden is the Buffalo, NY Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is the local ICE official who has authority over the Petitioner. *See Vasquez v. Reno*, 233 F,3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Freden's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202 and/or at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020.

8. Petitioner's custody within this judicial district and the governmental actions related to his potential removal from the district are likewise controlled by Respondents Marich, Lyons and Noem.

**CUSTODY**

9. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE") at the BFDF. The Deportation Officer responsible for his case is stationed at the Buffalo Federal Detention Facility ("BFDF"). The Petitioner is under the direct care, custody and control of Respondents and their agents.

**JURISDICTION & VENUE**

I. SUBJECT MATTER JURISDICTION

10. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

11. This Court has jurisdiction under 28 U.S.C, § 2241, Art. I, § 9, el. 2 of the Constitution of the United States (the Suspension Clause) and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, the All Writs Act, 28 U.S.C. § 1651 and the Court's equitable habeas authority.

II. PERSONAL JURISDICTION

12. This Court has personal jurisdiction over Petitioner's immediate custodian (who is physically within the district).[1]

III. VENUE

---

[1] Petitioner asserts this Court has personal jurisdiction over the additional Respondents, however, in the interests of brevity, the Petitioner will brief this if (1) any governmental acts challenged herein are found to relate to those Respondents (instead of the immediate custodian) and (2) the Government seeks to argue against personal jurisdiction.

13. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.484, 493-500 (1973), venue lies in the United States District Court for the Western District of New York, the judicial district in which Petitioner is being detained. Petitioner is being detained at the BFDF and his detention falls under the jurisdiction of the ICE Field Office of Buffalo, New York, which encompasses the area where Petitioner is being detained, pursuant to 28 U.S.C. § 1391.

## LEGAL FRAMEWORK WITH RESPECT TO BOND

14. The INA prescribes three basic forms of detention for the vast majority of noncitizens in removal proceedings.

15. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens in standard removal proceedings before an Immigration Judge (IJ). See 8 U.S.C. § 1229a. Individuals in § 1226(a) detention are generally entitled to a bond hearing at the outset of their detention, see 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention, see 8 U.S.C. § 1226(c).

16. Second, the INA provides for mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission referred to under § 1225(b)(2).

17. Last, the INA also provides for detention of noncitizens who have been ordered removed, including individuals in withholding-only proceedings, see 8 U.S.C. § 1231(a)–(b).

18. This case concerns the detention provisions at §§ 1226(a) and 1225(b)(2).

19. The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-–208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226 was most recently amended earlier this year by the Laken Riley Act, Pub. L. No.119-1, 139 Stat. 3 (2025).

20. Following the enactment of the IIRIRA, EOIR drafted new regulations explaining that, in general, people who entered the country without admission or parole were not considered detained under § 1225 and that they were instead detained under § 1226(a). See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

21. Thus, in the decades that followed, most people who entered without admission or parole and were placed in standard removal proceedings received bond hearings, unless their criminal history rendered them ineligible. That practice was consistent with many more decades of prior practice, in which noncitizens who were not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. See 8 U.S.C. § 1252(a) (1994); see also H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply "restates" the detention authority previously found at § 1252(a)).

22. On July 8, 2025, ICE, "in coordination with" the Department of Justice, announced a new policy that rejected this well-established understanding of the statutory framework and reversed decades of practice.

23. The new policy, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," claims that all persons who entered the United States without admission or parole shall now be deemed "applicants for admission" under 8 U.S.C. § 1225, and therefore are subject to mandatory detention under § 1225(b)(2)(A). The policy applies regardless of when a person is apprehended, and affects those who have resided in the United States for months, years, and even decades.

24. On September 5, 2025, the BIA adopted this same position in *Matter of Yajure Hurtado*. There, the Board held that all noncitizens who entered the United States without

admission or parole are considered applicants for admission who are seeking admission and are ineligible for IJ bond hearings.

25. Dozens of federal courts have rejected Respondents' new interpretation of the INA's detention authorities, including every judge sitting in this Court who has made a decision on this issue thus far. See, e.g., *Alvarez Ortiz v. Freden*, No. 25-CV-960-LJV (W.D.N.Y. November 4, 2025); *Da Cunha v. Freden*, 25-CV-06532-MAV, ECF No. 25 (W.D.N.Y. Oct. 20, 2025); *Quituizaca Quituisaca v. Bondi*, 25-cv-6527 (W.D.N.Y. Nov. 12, 2025); *Najeem v. Freden*, 25-cv-6584 (W.D.N.Y. Nov. 12, 2025); *Mendoza v. Bondi*, 25-cv-954 (W.D.N.Y. Nov. 12, 2025); *Martinez v. Bondi*, 25-cv-6508 (W.D.N.Y. Nov. 12, 2025); Rodriguez *Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025); *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); *Diaz Martinez v. Hyde*, No. CV 25-11613-BEM, --- F. Supp. 3d ----, 2025 WL 2084238 (D. Mass. July 24, 2025); *Rosado v. Figueroa*, No. CV 25-02157 PHX DLR (CDB), 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), report and recommendation adopted, No. CV-25-02157-PHX-DLR (CDB), 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Arrazola-Gonzalez v. Noem*, No. 5:25-cv-01789-ODW (DFMx), 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v. Joyce*, No. 25 CIV. 6373 (DEH), 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Kostak v. Trump*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); Jose J.O.E. v. Bondi, No. 25-CV-3051

(ECT/DJF), --- F. Supp. 3d ----, 2025 WL 2466670 (D. Minn. Aug. 27, 2025) *Lopez-Campos v. Raycraft*, No. 2:25-cv-12486-BRM-EAS, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MM, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Zaragoza Mosqueda v. Noem*, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); see also, e.g., *Palma Perez v. Berg*, No. 8:25CV494, 2025 WL 2531566, at *2 (D. Neb. Sept. 3, 2025) (noting that "[t]he Court tends to agree" that § 1226(a) and not § 1225(b)(2) authorizes detention); *Jacinto v. Trump*, No. 4:25-cv-03161-JFB-RCC, 2025 WL 2402271 at *3 (D. Neb. Aug. 19, 2025) (same); *Anicasio v. Kramer*, No. 4:25-cv-03158-JFB-RCC, 2025 WL 2374224 at *2 (D. Neb. Aug. 14, 2025) (same).

26. Courts have uniformly rejected DHS's and EOIR's new interpretation because it defies the INA. As the *Rodriguez Vazquez* court and others have explained, the plain text of the statutory provisions demonstrates that § 1226(a), not § 1225(b), applies to people like Petitioner.

27. Subsection 1226(a) applies by default to all persons "pending a decision on whether the [noncitizen] is to be removed from the United States." These removal hearings are held under § 1229a, to "decid[e] the inadmissibility or deportability of a[] [noncitizen]."

28. The text of § 1226 also explicitly applies to people charged as being inadmissible, including those who entered without admission or parole. See 8 U.S.C. § 1226(c)(1)(E). Subparagraph (E)'s reference to such people makes clear that, by default, such people are afforded a bond hearing under subsection (a). As the *Rodriguez Vazquez* court explained, "[w]hen Congress creates 'specific exceptions' to a statute's applicability, it 'proves' that absent

those exceptions, the statute generally applies." *Rodriguez Vazquez*, 779 F. Supp. 3d at 1257 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010)).

29. Section 1226 therefore leaves no doubt that it applies to people who face charges of being inadmissible to the United States, including those who are present without admission or parole.

30. By contrast, § 1225(b) applies to people arriving at U.S. ports of entry or who recently entered the United States. The statute's entire framework is premised on inspections at the border of people who are "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2)(A). Indeed, the Supreme Court has explained that this mandatory detention scheme applies "at the Nation's borders and ports of entry, where the Government must determine whether a[] [noncitizen] seeking to enter the country is admissible." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).

31. Accordingly, the mandatory detention provision of § 1225(b)(2) does not apply to people like Petitioner, who has already entered and was residing in the United States at the time he was apprehended.

32. Further, with respect to the burden of proof at a bond proceeding, this Court has held that "constitutional due process requires the government to bear the burden of proving by clear and convincing evidence that the individual is either a danger to the community or a flight risk even at an initial bond hearing under section 1226(a)." *Alvarez Ortiz v. Freden*, No. 25-CV-960-LJV (W.D.N.Y. November 4, 2025); see also *Banegas v. Decker*, 2021 WL 1852000, at *2 (S.D.N.Y. May 7, 2021). This Court reached that conclusion based upon a reconsideration of the factors in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), as well as the First Circuit's decision in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) (holding

that, at an initial bond hearing under section 1226(a), the burden must be on the government). See also *Adejola v. Barr*, 408 F. Supp. 3d 284, 287 (W.D.N.Y. 2019) (Wolford, J.) ("This Court concludes that the Fifth Amendment's Due Process Clause requires the [g]overnment to bear the burden of proving, by clear and convincing evidence, that detention is justified at a bond hearing under [section] 1226(a)." (citation and internal quotation marks omitted)); *Aparicio-Villatoro v. Barr*, 2019 WL 3859013, at *5-7 (W.D.N.Y. Aug. 16, 2019) (Telesca, J.) ("The Court agrees with the district court cases holding that allocating the burden to a noncriminal alien to prove he should be released on bond under [section] 1226(a) violates due process because it asks '[t]he individual to share equally with society the risk of error when the possible injury to the individual is significantly greater than any possible harm to the [government].'" (quoting *Addington v. Texas*, 441 U.S. 418, 427, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979))).

## FACTS

33. Jose Altagracia Franco De La Cruz is a citizen of Dominican Republic who arrived in the U.S. without inspection at the southern border in Texas in 2023.

34. Upon information and belief, he was charged by way of a Notice to Appear (Form I-862) with being inadmissible pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) and was released from custody.

35. He filed an asylum application on Form I-589.

36. Despite having a pending asylum application before the Buffalo Immigration Court, Petitioner was detained by Respondents on or about September 17, 2025 and taken to the Buffalo Federal Detention Facility (BFDF) where he remains held without bond.

37. The Immigration Judge pretermitted Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) under the

"Asylum Cooperative Agreement" (ACA) based upon an agreement between the U.S. and Honduras.

38. Petitioner intends to administratively appeal that pretermission, but such appeal is likely futile due to the recent decision of the Board of Immigration Appeals under *Matter of C-I-G-M- & L-V-S-G-*, 29 I&N Dec. 291 (BIA 2025).

39. Petitioner wishes to preserve the right to amend this Petition to address any claim(s) he may have under the U.S. Constitution or under the APA with respect to the pretermission of his asylum application, but asks this Court to treat the detention matter in an expeditious manner.

40. Upon information and belief, ICE has issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions.

41. Petitioner has not requested a bond redetermination hearing as of yet, and doing so would be futile, as undersigned counsel expects the IJ to hold that the immigration court lacks jurisdiction to conduct a bond redetermination hearing under the flawed rationale that Petitioner remains an applicant for admission seeking admission under § 1225(b)(2)(A), in keeping with EOIR's illegal bond denial policy.

42. Without relief from this Court, Petitioner faces the prospect of months, or even years, in immigration custody, as he appeals the denial of his right to a fair hearing on the merits of his asylum claim.

## CLAIMS FOR RELIEF

### COUNT 1: VIOLATION OF THE INA

43. Petitioner re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

44. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the grounds of inadmissibility. As relevant here, it does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents. Such noncitizens are detained under § 1226(a), unless they are subject to § 1225(b)(1), § 1226(c), or § 1231.

45. The application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates the INA.

### COUNT 2: VIOLATION OF DUE PROCESS

46. Petitioner re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

47. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

48. Petitioner has a fundamental interest in liberty and being free from official restraint.

49. The government's detention of Petitioner without a bond redetermination hearing to determine whether they are a flight risk or danger to others violates the right to due process.

50. Petitioner also has a due process right to a fair hearing on the merits of his asylum claim, and reserves the right to amend the petition or provide supplemental briefing on that claim at a later date; this Petition is being filed on an emergency basis due to his ongoing detention which is in violation of the law.

### COUNT 3: VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

51. Petitioner re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

52. The application of the ACA to Petitioner violates the Administrative Procedure Act. Petitioner reserves the right to amend the petition or provide supplemental briefing on that claim at a later date.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that the Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Issue a writ of habeas corpus clarifying that the statutory basis for Petitioner's detention is 8 U.S.C. § 1226(a) and that 8 U.S.C. § 1225(b)(2)(A) does not apply to Petitioner;

(3) Issue a writ of habeas corpus requiring that Respondents release Petitioner unless Respondents provides Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 7 days at which the government bears the burden to demonstrate, by clear and convincing evidence, that the petitioner is a danger to the community or a flight risk and at which the immigration judge must consider non-bond alternatives to detention or, if setting a bond, the petitioner's ability to pay;

(4) Declare ICE's July 8 policy and the BIA's *Matter of Yajure Hurtado* decisions unlawful;

(5) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law;

(6) Prevent the Petitioner's removal outside of this judicial district until this action is decided;

(7) Issue a temporary stay of Petitioner's removal until this action is decided;

(8) Declare that the denial of a hearing on Petitioner's asylum claim was in violation of the Constitution and the APA, and;

(9) Fashion such additional relief as is necessary and appropriate, including declaratory relief or other interim relief necessary to vindicate Petitioners' rights under U.S. and international law.

Dated: November 21, 2025            /s/ Matthew K. Borowski

                                                                                   _____
Matthew K. Borowski
*Attorney for Petitioner*
4343 Union Road,
Buffalo NY 14225
E-mail: matthew@borowskilaw.com
Tel: 716-330-1503

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of the Petitioner because I am one of the Petitioner's attorneys. I have discussed with the Petitioner's family members and Immigration Counsel the events described in this Petition. On the basis of those discussions and investigations, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated:  November 21, 2025                         /s/ Matthew K. Borowski

                                                                    _____
                                                                    Matthew K. Borowski
                                                                    *Attorney for Petitioner*
                                                                    4343 Union Road,
                                                                    Buffalo NY 14225
                                                                    E-mail: matthew@borowskilaw.com
                                                                    Tel: 716-330-1503